-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC M. GORDON,

        Plaintiff,

        -v-

NEW YORK STATE DEPARTMENT OF PAROLE;
ANDREA A. EVANS, Chairwoman;
PAROLE OFFICER SEMRUG; PAROLE OFFICER
HIMMELSBOCH; PAROLE SPECIALIST CYNTHIA
MOONEY; and CHANNEL 4 NEWS, Buffalo, New York,

        Defendants.

DECISION AND ORDER
14-CV-0324S



---

## INTRODUCTION

Plaintiff, Eric Gordon, an inmate of the Franklin Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 8). Plaintiff claims that on August 26, 2010, he was released from prison to the supervision of Defendant New York State Department (Division) of Parole and was improperly and unconstitutionally designated a "discretionary sex offender" by Defendant Parole Officer Semrug. As a result of such designation, he was subjected to special parole (release) conditions that he claims he should not have been subjected to and were unlawful. As a result of these conditions, he stopped reporting as required. On or about February 3, 2011, Plaintiff claims that Defendant Channel 4 News, a local television station, reported on its morning news program that he was a dangerous sex offender and wanted by the Division of Parole. Plaintiff was later arrested in Omaha, Nebraska on December 20, 2011, and

upon applying for a "Governor's Warrant," he claims the Division of Parole lied about his underlying criminal offense when they indicated such offense was rape. He was extradited to Buffalo, New York on March 3, 2012, and following a parole revocation, "sentenced" to a 15-month time assessment. Upon his release to the supervision of the Division of Parole, he was told, again, by Defendant Parole Officer Himmelsboch that he would be designated as a discretionary sex offender and subject to special conditions as a designated sex offender. Plaintiff violated a second time and is incarcerated currently on that violation. He summarizes his claims herein as a constitutional challenge to his unlawful designation as a sex offender under the Sex Offender Registration Act ("SORA"), thereby subjecting him to special parole considerations. (*See* Complaint, at p. 6.) For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, Plaintiff's claims against New York Department (Division) of Parole, Andrea Evans, and the § 1983 claim against Channel 4 News are dismissed with prejudice, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the state law defamation claim against Channel 4 News is dismissed without prejudice. Service by the U.S. Marshals is ordered with respect to the remaining claims against Semrug, Himmelsboch and Mooney.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights

violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims against the New York Department (Division) of Parole, Andrea Evans, and the § 1983 claim against Channel 4 News are dismissed with prejudice, and the state law defamation claim against Channel 4 News is dismissed without prejudice, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Service by the U.S. Marshals is ordered with respect to the remaining claims against Semrug, Himmelsboch, and Mooney.

### A. PLAINTIFF'S CLAIMS

1. <u>New York State Division of Parole</u>

Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims against Defendant New York State Department (Division) of Parole[1] are dismissed and, to the extent any claims are brought against the individual Defendants in their official capacities they, too, are dismissed. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of the state," such as the Division of Parole, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself. *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). *See also Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state.") (internal quotation marks and citations omitted).

2. <u>Andrea Evans, Chairwoman</u>

Plaintiff alleges that Defendant Andrea Evans, Chairwoman of the Division of Parole, "had a realistic opportunity to prevent the unconstitutional acts of the parole officers . . . and parole specialist . . . [and] the Channel Four early morning broadcast [on] February 3, 2011." (Complaint, at 12.) He also alleges that she "allowed persons from her organization" to provide false statements

---

[1] Subsequent to some of the events giving rise to this litigation, the New York State Division of Parole was merged with the New York State Department of Corrections to form the New York State Department of Corrections and Community Supervision.

in order to obtain the Governor's Warrant that led to his extradition to New York. Because Plaintiff has failed to allege any factual assertions of personal involvement on the part of Evans in the alleged constitutional deprivations, the claims against her must be dismissed with prejudice.

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (setting forth five categories under which a supervisory official may be personally involved for liability under § 1983).

Because Plaintiff's claims against Evans are stated in terms of *respondeat superior* liability only, he has failed to allege her personal involvement in the alleged constitutional deprivation. Accordingly, the claims against her are dismissed with prejudice.

3. Channel 4 News

Plaintiff claims that Defendant Channel 4 News violated his constitutional rights when on February 3, 2011, its morning news program broadcasted a story that he was a sex offender and wanted by the Division of Parole. To the extent Plaintiff is asserting a claim against Channel 4 News under 42 U.S.C. § 1983 it must be dismissed with prejudice because (1) there are no allegations that

Channel 4 News was a person acting under color of state law at the time it broadcast the story, *see West v. Atkins*, 487 U.S. 42, 48 (1988); *Bryant v. Maffucci*, 923 F.2d 979, 982-83 (2d Cir. 1991), *cert. denied*, 502 U.S. 849 (1991), and (2) it is barred by the applicable three year statute of limitations, *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is three years).

To the extent Plaintiff is alleging a state law defamation claim (slander) against Channel 4 News, it, too, must be dismissed because it is barred by the one year New York statute of limitations for such claims. *See* N.Y.C.P.L.R. § 215(3) (one year statute of limitations for actions to recover damages for libel and slander); *see also Walker v. Armco Steel Corporation*, 446 U.S. 740 (1980) (The applicable statutes of limitations for diversity action which are based on state law are determined by state law.); *Katsaros v. Serafino*, 2001 WL 789322, at *3 (D.Conn. Feb. 28, 2001) (finding that state law claims are barred by state statutes of limitations not federal law when the claim is brought either under diversity jurisdiction or supplemental jurisdiction); 19 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4510, n. 13 (2d ed.) ("The rationale of Walker v. Armco applies to supplemental jurisdiction as well as diversity jurisdiction."). Accordingly, to the extent Plaintiff is asserting a state common law defamation claim under the Court's supplemental jurisdiction, 28 U.S.C. § 1367, it is dismissed but without prejudice to the filing of an amended complaint which alleges that Plaintiff would be entitled to either tolling of the state statute of limitations an/or the doctrines of waiver or estoppel. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 211-16 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies)).

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, Plaintiff's claims against the New York State Department (Division) of Parole and Andrea Evans, in their entirety, and his claim under 42 U.S.C. § 1983 against Channel 4 News are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. His state law defamation claim against Channel 4 News is dismissed without prejudice. The U.S. Marshal is directed to serve the Summons and Complaint on Parole Officers Semrug and Himmelsboch, and Parole Specialist Mooney regarding the remaining constitutional claims that he was designated a sex offended and placed under special release conditions for sex offenders.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's claims against the New York State Department of Parole and Andrea Evans, in their entirety, and his claim under 42 U.S.C. § 1983 against Channel 4 News are dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and his state law defamation claim against Channel 4 News is dismissed without prejudice[2];

---

[2]Should Plaintiff seek to pursue the defamation claim against Channel 4 News, which is dismissed without prejudice by the Court herein, he must file an amended complaint addressing the issues of tolling and/or waiver and estoppel. Plaintiff is advised that any amended complaint shall supersede and replace the original Complaint in its entirety, and, an amended complaint, if any, must include all of the allegations against each of the Defendants as to whom the Complaint is proceeding against--Semrug, Himmelsboch, and Mooney--, so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and will be subject to review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A in the same manner as the Complaint was reviewed herein.

FURTHER, that the Clerk of the Court is directed to terminate Defendants New York State Department of Parole, Andrea Evans, and Channel 4 News as parties to this action;

FURTHER, that the Clerk of the Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Parole Officers Semrug and Himmelsboch, and Parole Specialist Mooney without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[3]

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the Defendants are directed to respond to the Complaint.

SO ORDERED.

Dated: October 23, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[3] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.