UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC M. GORDON,

                              Plaintiff,

      v.

PAROLE OFFICER SEMRUG,
PAROLE OFFICER HIMMELSBOCH,
PAROLE SPECIALIST CYNTHIA MOONEY,

                           Defendants.

_____

**DECISION**
**and**
**ORDER**

**14-CV-324S(F)**

APPEARANCES:        ERIC M. GORDON, *Pro Se*
                         564 Dodge Street
                         Apartment 204
                         Buffalo, New York   14208

                         ERIC T. SCHNEIDERMAN
                         NEW YORK STATE ATTORNEY GENERAL
                         Attorney for Defendants
                         KIM S. MURPHY,
                         GEORGE M. ZIMMERMANN,
                         Assistant Attorney General, of Counsel
                         350 Main Street, Suite 300A
                         Buffalo, New York  14202

      In this § 1983 action, Plaintiff claims his designation by Defendants as a

Discretionary Sex Offender for purposes of his state parole and Defendants' alleged

refusal to permit Plaintiff to challenge such designation violated Plaintiff's Fourteenth

Amendment rights to due process, particularly notice and a hearing.[1]

      Before the court is Plaintiff's motion requesting authorization to conduct

Defendants' depositions by telephone pursuant to Fed.R.Civ.P. 30(b)(4) ("Rule

30(b)(4)"), for audio recording of Defendants' depositions pursuant to Fed.R.Civ.P.

---

[1] Plaintiff also asserts violations of the Fourth and Eighth Amendments.  *See* Complaint ¶ 2.

30(b)(3)(A) ("Rule 30(b)(A)"), and to authorize Plaintiff to designate a person to perform

the duties required by Fed.R.Civ.P. 30(b)(5) ("Rule 30(b)(5)") filed June 1, 2015 (Doc.

No. 29) ("Plaintiff's Rule 30(b) motion"), and Plaintiff's motion for leave to file an

amended complaint, pursuant to Fed.R.Civ.P. 15(a)(2) ("Rule 15(a)(2)") filed June 1,

2015 (Doc. No. 30) ("Plaintiff's motion to amend").

1.     Plaintiff's Rule 30(b) Motion.

        In support of Plaintiff's Rule 30(b) motion, Plaintiff contends that given Plaintiff's

then incarcerated status at the Franklin Correctional Facility in Malone, New York

(Plaintiff has, since filing his motion, been released[2]), Plaintiff's conduct of Defendants'

depositions telephonically, audio recorded, and before a person designated by Plaintiff,

is the "only means by which the taking of [Defendants'] depositions can be effectuated,"

at the Franklin prison.   Plaintiff's Rule 30(b) motion (Doc. No. 29) at 1.  It is apparently

the case that Defendants are located in Buffalo, New York.  Complaint ¶ 2 ("[A]cts

complained of occured [*sic*] in the City of Buffalo.").

        In opposition, Defendants contend that Plaintiff's 30(b) motion seeks, without

authority, to impose the costs of Defendants' depositions on Defendants, Declaration of

Kim S. Murphy, Assistant N.Y. Attorney General, (Doc. No. 35), ("Murphy Declaration I")

¶ ¶ 2-3 (citing *Nowlin v. Lusk*, 2014 WL 298155, at *9 (W.D.N.Y. Jan. 28, 2014) (citing

cases)), and that Plaintiff's motion "overlook[s]" Fed.R.Civ.P. 30(b)(5)(B)'s requirement

that the deposition be conducted by an officer designated to administer oaths and to

assure that a non-stenographic deposition be properly conducted, a requirement which

---

[2]   The court takes judicial notice that Plaintiff was released on parole from Franklin Correctional Facility where he had previously resided on July 28, 2015.

Defendants assert cannot be waived.  Declaration of Kim S. Murphy, Assistant N.Y. Attorney General (Doc. No. 45) ("Murphy Declaration II") ¶ ¶ 2-3.

Because Plaintiff has, as noted, since Plaintiff's motion was filed, been released, the usual prison security concerns and practical difficulties in conducting oral depositions attendant on Plaintiff's ability to do so as a *pro se* prisoner, *see Nowlin*, 2014 WL 298155, at *9 (citing cases), are no longer present.  Although Defendants assert Plaintiff's motion seeks to shift to Defendants the costs of conducting oral depositions of Defendants Semrug, Himmelsboch, and Mooney, *see* Murphy Declaration I ¶ 3, a careful reading of Plaintiff's motion shows this is not the relief Plaintiff seeks.  Instead, Plaintiff's motion requests that the court permit (1) pursuant to Rule 30(b)(4), taking Defendants' depositions telephonically, Plaintiff's motion at 1; (2) pursuant to Fed.R.Civ.P. 30(b)(3)(A), recording of the depositions by audio (tape recorder) rather than stenographic – the more typical – means; and (3) pursuant to Fed.R.Civ.P. 28(A)(1), authorizing Plaintiff to designate an individual at the Franklin Correctional Facility to operate the audio recording device and to administer the oath as required by Fed.R.Civ.P. 30(b)(5)(A)(iv) and to otherwise oversee the depositions in compliance with Fed.R.Civ.P. 30(b)(5)(A)-(C).  First, although Plaintiff seeks permission to conduct Defendants' depositions by telephone pursuant to Rule 30(b)(4), as it now appears that since Plaintiff's motion was filed Plaintiff has been released[3] and that Defendants reside in the Buffalo, New York area, *see* Complaint at 3 (indicating Defendants were located in Buffalo at time Defendants designated Plaintiff as a

---

[3]  It is, as Defendants argue, however, established law, that any costs associated with conducting Defendants' depositions telephonically and by audio recording are borne by the deposing party, in this case, Plaintiff.  *See Nowlins*, 2014 WL 298155, at *9 (citing *Beckles v. Artuz*, 2005 WL 702728, at *2 (S.D.N.Y. Mar. 25, 2005)).  Plaintiff provides no information regarding his capacity to make such recording arrangments.

Discretionary Sex Offender),[4] Plaintiff's need to conduct such depositions by telephone rather than in person has been obviated by Plaintiff's release and his presumed residence in Buffalo.  Accordingly, Plaintiff's motion insofar as it requests permission to conduct Defendants' depositions by telephone pursuant to Rule 30(b)(4) is moot and, as such, should be DISMISSED.[5]

As to Plaintiff's motion seeking permission to record Defendants' depositions by audio – tape recorder– means pursuant to Rule 30(b)(3)(A), the rule does not, contrary to Plaintiff's apparent misreading of the rule, require such permission.  *See Hudson v. Spellman High Voltage*, 178 F.R.D. 29, 31 (E.D.N.Y. 1998) (Rule 30(b) does not require court approval for an audio recorded deposition).  Rather, Rule 30(b)(3)(A) requires that (a) unless the court orders otherwise, the party noticing an oral deposition must state in the notice the method of recording to be utilized, *i.e.*, by audio, audio-visual, or stenographic means, (b) the noticing party shall bear the costs of such recording, and (c) any party may "arrange to transcribe" the deposition.  Rule 30(b)(5)(C) also provides that the presiding officer shall state the stipulations of the parties with respect to custody of the audio recording of the deposition testimony and related exhibits.  Thus, absent a motion by Defendants to require a stenographic recording of Defendants' depositions, *see Hudson*, 178 F.R.D. at 30 (upon defendant's motion for a protective order, court may vary requirements of Rule 30(b)), if Plaintiff's deposition notices indicated Defendants' depositions shall be recorded by audio tape only, such notices comply with Rule 30(b)(3)(A), and no permission by the court to do so is required.  Thus, Plaintiff's

---

[4]  By papers filed November 4, 2014 (Doc. No. 48), Defendants have moved to compel Plaintiff's deposition based on Plaintiff's refusal to answer Defendants' questions at a deposition scheduled to be conducted at Defendants' attorney's office in Buffalo, New York.

[5]  Although a telephonic deposition may be conducted under Rule 30(b)(4) by stipulation, Defendants' opposition to Plaintiff's motion makes clear no such stipulation is to be expected.

motion seeking permission to record Defendants' depositions by audio means is unnecessary, and as such, should be DISMISSED.

Turning to Plaintiff's motion to permit Plaintiff to select a person to officiate the depositions, Rule 30(b)(5) provides that unless the parties stipulate otherwise the officiating officer must be designated or appointed pursuant to Rule 28, or as stipulated to pursuant to Fed.R.Civ.P. 29(a). *See Popular Imports, Inc. v. Wong's International, Inc.*, 166 F.R.D. 276, 279-80 (E.D.N.Y. 1996). Here, Plaintiff does not propose any specific person to preside at Defendants' depositions and perform the duties required by Rule 30(b)(5)(A)-(C). Without such specifications, the court is unable to properly carry out its obligation to designate a specific person to do so as Rule 28 ("the rule") contemplates. As noted, in opposition, Defendants contend, without citation to authority, Murphy Declaration II ¶ ¶ 2-3, that the requirements of Rule 30(b)(5) cannot be waived. However, Plaintiff's motion, carefully read, does not request such requirements be waived; only, as indicated, that Plaintiff be allowed, without providing any further identifying details, to designate a person of his choosing to perform these functions required by the rule. Accordingly, Plaintiff's motion should be DENIED without prejudice to renewal to include the required identifying details.

2.   Plaintiff's Motion to Amend.

In support of Plaintiff's motion to amend, Plaintiff explains that he has recently learned that the Department of Parole, as named in the Complaint, is in actuality part of the proposed defendant N.Y. State Department of Corrections and Community Supervision Services, and that proposed individual defendants, DOCCS Commissioner Anthony J. Annucci, Deputy Commissioner Jeffrey McKoy, and DOCCS Public

Information Director Thomas Mailey ("Proposed State Defendants") should be named

as additional defendants as they had authority to promulgate and apply regulations

which provided the basis for Plaintiff's designation, without notice and hearing, as a

Discretionary Sex Offender for Plaintiff's parole supervision purposes by Defendants

Semrug, Himmelsboch, and as later enforced by Defendant Mooney against Plaintiff for

parole violations based on this designation, and that such Proposed State Defendants

were therefore responsible for Plaintiff's Discretionary Sex Offender designation without

due process as Plaintiff further alleges.  Affidavit of Eric M. Gordon in Support of Motion

to Amend Complaint (Doc. No. 30) dated June 1, 2015 ("Gordon Affidavit I") ¶ ¶ 4-6.  In

opposition, Defendants maintain Plaintiff's motion to amend should be denied as

Plaintiff's motion failed to include a copy of Plaintiff's proposed amended complaint as

required by Local R.Civ.P. 15(a).  Murphy Declaration I ¶ 3.  Thereafter, on June 24,

2015, Plaintiff mailed to the court a signed copy of Plaintiff's Proposed Amended

Complaint (Doc. No. 52), together with Plaintiff's affidavit of service to Defendants,

which was received by the court on June 26, 2015, but was not filed at that time.[6]  In

response, Plaintiff contends that his motion provided sufficient notice of his request to

amend and that as a result Defendants will suffer no prejudice.  To date, Defendants

have not submitted any further opposition to Plaintiff's motion to amend directed to the

Proposed Amended Complaint which, based on Plaintiff's affidavit of service, was, as

stated, served on Defendants on June 24, 2015.

Under Fed.R.Civ.P. 15(a)(2) leave to file an amended complaint should be freely

granted unless the proposed amended complaint alleges claims or seeks to add parties

---

[6]  To facilitate a proper understanding of the court's analysis and potential further review, the Proposed Amended Complaint has been filed.

that are untimely, prejudicial, or futile.  *See Foman v. Davis,* 371 U.S. 178, 181 (1962).

A proposed amended complaint is futile if the claims alleged are time-barred by the

applicable statutes of limitations.  *See Becnel v. Deutsche Bank*, 507 Fed.Appx. 71, 73

(2d Cir. Jan. 11, 2013) ("The district court did not err in concluding that such an

amendment would be futile because appellants' claims would be time-barred even if

such an amendment were allowed"); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th

Cir. 2002; (same).   Here, the Proposed Amended Complaint alleges Plaintiff's

procedural due process and other constitutional claims against Proposed State

Defendants, and requests compensatory and punitive damages.  Plaintiff also alleges

new claims against Defendants Semrug, Himmelsboch, and Mooney and Proposed

State Defendants for intentional infliction of mental distress based on Defendants and

Proposed State Defendants causing WBEN-TV Channel 4 News to name Plaintiff as a

sex offender in a February 2, 2011 TV news broadcast prior to Plaintiff's arrest in

Nebraska on a governor's warrant.  Proposed Amended Complaint Counts VI and VII.

Plaintiff further alleges, without specifics, that Defendants' and Proposed State

Defendants' actions and omissions caused Plaintiff to suffer pain including a

"staff/marsa" [*sic*] infection.  Proposed Amended Complaint ¶ 22.

By Decision and Order filed October 24, 2014 (Doc. No. 11) ("the D&O"), District

Judge Frank P. Geraci, Jr. dismissed Plaintiff's § 1983 claims against former

Defendants New York State Department of Parole and Andrea A. Evans, Chairwoman

and WBEN-TV Channel 4 News, with prejudice, and Plaintiff's defamation claim against

former Defendant WBEN-TV without prejudice.  D&O at 7.  As discussed, Discussion,

*supra*, at 5-7, the Proposed Amended Complaint does not purport to including a state

law defamation claim against former Defendant WBEN-TV Channel 4 News.[7]

Proposed amended claims that, based on the allegations in a proposed amended

complaint must be dismissed as time-barred, are considered futile requiring denial of a

motion for leave to amend pursuant to Rule 15(a)(2).   *See Becnel*, 507 Fed.Appx. at 73;

*Rodriguez*, 286 F.3d at 980.   Claims alleging violations of federal constitutional rights

brought pursuant to § 1983 are subject to the state's statute of limitations for personal

injury torts in the state where the action arose, here, a three-year period of limitations.

*Wallace v. Kado,* 549 U.S. 384, 387 (2007); *Smith v. Campell*, 782 F.3d 93, 100 (2d Cir.

2015) (citing and quoting *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009));

*Jewell v. County of Nassau,* 917 F.2d 739, 740 (2d Cir. 1990) (§ 1983 claims based on

conduct within New York state subject to three-year limitations period)**.**  For statute of

limitations purposes, such § 1983 actions accrue when a plaintiff knows or should have

known of the predicate injury caused by the alleged constitutional violations.   *See*

*Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir. 1980).   Intentional torts, such

as Plaintiff's proposed claim for intentional infliction of emotional distress against

Proposed State Defendants and Defendants Semrug, Himmelsboch, and Mooney,

Proposed Amended Complaint ¶ ¶ VI and VII, are subject to a one-year period of

limitations.   *Patterson v. Balsamico*, 440 F.3d 104, 112 n. 4 (2d Cir. 2006) (New York

courts have held that a claim for damages for intentional infliction of emotional distress

is subject to the one-year statute of limitations in C.P.L.R. Section 215(3) (citing cases)).

Intentional tort claims, under applicable New York law, also accrue when a plaintiff

---

[7]  Although Plaintiff indicates Plaintiff also seeks to add Channel 4 News as a party, Gordon Affidavit ¶ 3, a careful reading of the Amended Complaint fails to reveal any claim against this former party.  *See* Proposed Amended Complaint (*passim*).

knows or reasonably should have acquired knowledge that plaintiff suffered an injury as a result of the alleged intentional conduct by a defendant.  *See Passucci v. Home Depot, Inc.*, 889 N.Y.S.2d 353, 355 (4th Dep't 2009) (status of limitations for intentional infliction of emotional distress claim accrues on the date of the injury).

Here, according to the Proposed Amended Complaint, the Proposed State Defendants violated Plaintiff's 14th Amendment right to procedural due process, when, without notice or hearing, Defendants Semrug and Himmelsboch designated Plaintiff as a Discretionary Sex Offender, based on regulations and policies promulgated by Proposed State Defendants on August 26, 2010, despite the fact that Plaintiff's underlying conviction was for attempted burglary, a non-sex related crime.  Proposed Amended Complaint ¶¶ 13, 15.[8]  According to Plaintiff, Plaintiff protested such designation at that time but his protest was, *id.* ¶ 15, rejected by Defendant Semrug, and Plaintiff, believing the designation to be "illegal," subsequently refused to comply with the additional parole conditions resulting from the designation and Plaintiff's parole revocation.  *Id.* ¶ 16.  Accordingly, based on Plaintiff's allegations, Plaintiff's due process claim (as well as his Fourth and Eighth Amendment claims) against the Proposed State Defendants accrued when Plaintiff first was informed of Defendants Semrug and Himmelsboch's decision to impose his Discretionary Sex Offender Designation on August 26, 2010, more than three years prior to the filing of Plaintiff's motion to amend on June 1, 2015, and the receipt of the Proposed Amended Complaint on June 26, 2015.  Although Plaintiff alleges that following parole revocation proceedings and after serving a period of an additional 15 months of incarceration for

---

[8]   The exact nature of additional parole conditions imposed on Plaintiff as a result of the designation is not described in either the Complaint or the Proposed Amended Complaint.

such violations, upon his later release to parole on June 6, 2013, he was again

classified by Defendants Semrug and Himmelsboch as a Discretionary Sex Offender

resulting in another parole violation, Proposed Amended Complaint ¶ 20, where the

alleged constitutional violation results in an improper restraint on a plaintiff's protected

liberty interest, assuming Plaintiff has such an interest, a §1983 claim based on alleged

constitutional violations accrues for purposes of the applicable three-year statute of

limitations when the restraint is initially imposed, in this case on or about August 26,

2010, and not when a subsequent violation by a defendant, based on the same, initial

unconstitutional conduct, occurs.  *See Smith*, 782 F.3d at 99 (plaintiff's First

Amendment retaliation claim accrued when defendant first served plaintiff with traffic

tickets subjecting plaintiff to an unlawful restraint, not when plaintiff's guilt was

subsequently adjudicated).  Accordingly, Plaintiff's § 1983 claims against Proposed

State Defendants are time-barred and, as such, are futile.  *See Becnel*, 507 Fed.Appx.

at 73.[9]  Plaintiff's further parole violation in 2013, Proposed Amended Complaint ¶ 20,

does not, for the same reason, postpone the accrual of Plaintiff's Fourth and Eighth

Amendment and Fourteenth Amendment Due Process claims against Proposed State

Defendants.  Additionally, Plaintiff's proposed intentional tort state law claim is also futile

---

[9]   That Plaintiff's claims against Defendants are by the same analysis subject to dismissal does not avoid
denying Plaintiff's motion to amend on the futility ground as Defendants have pleaded that Plaintiff's
present claims against Defendants are barred by the statute of limitations, *see* Answer (Doc. No. 19) ¶
16, and Defendants' time to file dispositive motions does not expire until January 29, 2016 (Doc. No. 24).
Accordingly, it cannot be said that Defendants have waived such defense.  The court therefore does not
address whether the Proposed Amended Complaint is subject to dismissal and thus equally futile for
failure to sufficiently allege such proposed state defendant's personal involvement in the alleged
constitutional violations.

as time-barred under the applicable one-year statute of limitations as to Defendants

Semrug, Himmelsboch and Mooney and Proposed State Defendants.[10]

## CONCLUSION

Based on the foregoing, Plaintiff's 30(b) motion (Doc. No. 29) is DISMISSED in

part, and DENIED in part; Plaintiff's motion to amend (Doc. No. 30) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  January 21, 2016
        Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY
FILING WRITTEN OBJECTION WITH THE CLERK OF COURT NOT
LATER THAN 14 DAYS AFTER SERVICE OF THIS DECISION AND
ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).

---

[10]  Even if the Proposed Amended Complaint intended to assert an intentional mental distress claim
against  WBEN-TV, such claim is equally time-barred.