UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC M. GORDON,

                    Plaintiff,

    v.

PAROLE OFFICER SEMRUG,
PAROLE OFFICER HIMMELSBOCH,
PAROLE SPECIALIST CYNTHIA MOONEY,

                    Defendants.
_____

**DECISION
and
ORDER**

**14-CV-324S(F)**

APPEARANCES:        ERIC M. GORDON, *Pro Se*
                              564 Dodge Street
                              Apartment 204
                              Buffalo, New York   14208

                              ERIC T. SCHNEIDERMAN
                              NEW YORK STATE ATTORNEY GENERAL
                              Attorney for Defendants
                              KIM S. MURPHY,
                              GEORGE M. ZIMMERMANN,
                              Assistant Attorney General, of Counsel
                              350 Main Street, Suite 300A
                              Buffalo, New York   14202

      In this § 1983 action, Plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights, particularly procedural due process, based on Defendants' designation of Plaintiff as a Discretionary Sex Offender parolee. Before the court is Plaintiff's motion (Doc. No. 38) ("Plaintiff's motion") to conduct an *in camera* review of certain documents responsive to Plaintiff's document production request pursuant to Fed.R.Civ.P. 30(a), filed May 27, 2015 (Doc. No. 27) seeking, *inter alia*, documents Defendants may use to support Defendants' defense ("Plaintiff's Document Requests. Plaintiff's motion was filed in response to Defendants' letter to Plaintiff, dated

1

June 17, 2015 (Doc. No. 39-34) in which, *in lieu* of a formal response to Plaintiff's document request, as required by Fed.R.Civ.P. 30(b)(2) ("Rule 30(b)(2)"), Defendants indicated Defendants' intention to produce responsive documents in redacted form. In response to Plaintiff's motion, Defendants state Defendants do not oppose Plaintiff's motion and that Defendants will provide the court with a copy of the requested documents in digitized (disc) form for the court's review which disc containing 977 pages of unredacted material was delivered to the court on August 7, 2015.[1] Declaration of Kim S. Murphy, Assistant New York Attorney General (Doc. No. 44) ("Murphy Declaration"). Defendants raise no objections based on lack of relevancy or undue burdensomeness. Defendants assert the need to redact private personal information, Murphy Declaration ¶ 5, and contend that any documents containing pre-sentence investigation information are privileged under New York law and may be disclosed only upon order of the state sentencing court. Murphy Declaration ¶ 5 (citing New York caselaw). Defendants further assert that any responsive documents constituting inter-agency communications are "highly confidential," and should not be disclosed. *Id.* ¶¶ 5, 6 (citing N.Y. Public Officers Law § 87(g) and *Zhang v. Travis*, 782 N.Y.S.2d 156 (3rd Dep't. 2004)). Defendants further state that an inmate has no constitutional right to disclosure of information in the inmate's file. (*Id.* citing *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944-45 (2d Cir. 1976)). In the absence of any response to Plaintiff's Document Request pursuant to Rule 34(b)(2), the court considers Defendants' Response to Plaintiff's motion, Murphy Declaration, to constitute Defendants' Rule 30(b)(2) response asserting an objection based on privilege and a

---

[1] According to the index for the disc's contents, the disc contains the following categories of documents: Franklin docs (Bates 1-20).pdf, Guidance file (Bates 772-977).pdf, Nebraska Extradition Files(Bates#741-771).pdf, Parole chrono (Bates 649-740).pdf and Parole file (Bates 21-648).pdf.

request for a protective order pursuant to Fed.R.Civ.P. 26(c) based on Defendants' confidentiality assertions. Although Plaintiff has filed several documents following Plaintiff's motion, *see* Doc. Nos. 39, 41, and 42, none address Defendants' contentions based on privilege and confidentiality; rather, each document includes generalized assertions that Plaintiff is entitled to relief on the merits of his due process claim.

      Where a plaintiff challenges the adverse action of the New York Board of Parole ("the Parole Board") on federal constitutional grounds including an alleged due process violation, federal courts recognize the privileged status of certain records upon which the Parole Board relied in denying a plaintiff's discovery request for such documents. *See Rossney v. Travis*, 2003 WL 135692, at *12 (S.D.N.Y. 2003) (petitioner alleging Fifth Amendment and due process violations by New York State Board of Parole in connection with denial of parole not entitled to disclosure of petitioner's probation report, pre-sentence report and Parts II and III of petitioner's Inmate Status Reports as part of petitioner's parole file as such material is privileged under state law and, absent a strong federal interest in disclosure, federal courts will apply state-law privilege as a matter of comity), *aff'd on other grounds*, 93 Fed.Appx. 285 (2d Cir. 2004) ("*Rossney*"). Here, Plaintiff points to no special federal interest warranting a refusal by this court to apply the privilege applicable to Plaintiff's parole file under New York state law. Accordingly, such materials need not be disclosed to Plaintiff. Other than those materials exempt from the state privilege, to the extent recognized by the court in *Rossney*, such as Part I of Plaintiff's parole file, and in the absence of an objection by Defendants based on lack of relevance, the balance of the parole file responsive to

Plaintiff's request shall be provided subject to deletions of personal information such a Social Security number, personal telephone numbers and addresses.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 38) is GRANTED, in part and DENIED, in part; Defendants' request for a protective order is DIMISSED as moot. Defendants shall provide copies of the materials subject to disclosure hereunder to Plaintiff within 30 days.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 21, 2016
Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT NOT LATER THAN 14 DAYS AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).