UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC M. GORDON,
                      Plaintiff,
    v.

PAROLE OFFICER SEMRUG,

PAROLE OFFICER HIMMELSBOCH,
PAROLE SPECIALIST CYNTHIA MOONEY,

                      Defendants.
_____

**DECISION
and
ORDER**

**14-CV-324S(F)**

APPEARANCES:        ERIC M. GORDON, *Pro Se*
                              564 Dodge Street
                              Apartment 204
                              Buffalo, New York   14208

                              ERIC T. SCHNEIDERMAN
                              NEW YORK STATE ATTORNEY GENERAL
                              Attorney for Defendants
                              GEORGE M. ZIMMERMANN,
                              Assistant Attorney General, of Counsel
                              350 Main Street, Suite 300A
                              Buffalo, New York   14202

In this § 1983 action, Plaintiff alleges violations of his Fourth, Eighth and Fourteenth Amendment due process rights based on Defendants' wrongful classification of Plaintiff as a Discretionary Sex Offender for purposes of Plaintiff's state parole supervision. The matter is before the court on Defendants' motion to compel Plaintiff's deposition with sanctions pursuant to Fed.R.Civ.P. 30(d)(2) ("Rule 30(d)(2)") and to amend the Scheduling Order pursuant to Fed.R.Civ.P. 16(b) ("Rule 16(b)") filed November 4, 2015 (Dkt. 48) ("Defendants' motion").  In support, Defendants filed the Declaration of George Zimmermann (Dkt. 48-1) ("Zimmermann Declaration").  Plaintiff's

1

opposition was filed January 14, 2016 (Dkt. 50) ("Plaintiff's Opposition"); Defendants' Reply (Declaration of George Michael Zimmermann) was filed January 19, 2016 (Dkt. 51) ("Zimmermann Reply Declaration").  Oral argument was deemed unnecessary.

It is undisputed that pursuant to notice, served October 1, 2015, Plaintiff appeared for an oral deposition pursuant to Fed.R.Civ.P. 30(a) ("Rule 30(a)") (Dkt. 47) at Defendants' attorney's office on November 2, 2015.  However, citing his previously stated belief that Defendants had violated Plaintiff's constitutional rights, as alleged, particularly Plaintiff's due process right to notice and a hearing in connection with Defendants' designation of Plaintiff as a Discretionary Sex Offender despite the fact that Plaintiff was not convicted of a sex offense under New York law, Plaintiff informed Defendants' counsel that he would refuse to answer any questions directed to Plaintiff by Defendants' counsel as part of the deposition.  Zimmermann Declaration ¶ ¶ 5-6; 8-9.  Under the Scheduling Order discovery was to conclude on November 6, 2015 (Dkt. 24); Zimmermann Declaration ¶ 13.  As a result of Plaintiff's refusal to cooperate in his deposition, Defendants have incurred a court reporter expense of $80.60.  Zimmermann Declaration ¶ 11.

Plaintiff opposes Defendants' motion on the ground that Defendants are attempting to delay the proceedings to Plaintiff's prejudice inasmuch as Plaintiff wishes to return to Nebraska where Plaintiff can "pursue happyness," Plaintiff's Opposition ¶ 2.  Plaintiff also asserts that Plaintiff was "within his legal right to object to the deposition" being conducted at the local New York Attorney General's office because such office had "breached it's [*sic*] agreement" based on Plaintiff's alleged constitutional violations.  Plaintiff's Opposition ¶ 5.

It is well settled that in response to a properly served notice for an oral deposition issued pursuant to Rule 30(a)(1), a party is required to provide relevant testimony in response to questions by the party conducting the deposition.  *See Jones v. Niagara Frontier Transportation Auth.*, 836 F.2d 731, 734-35 (2d Cir. 1987) (plaintiff's willful refusal to give deposition testimony warranted dismissed of plaintiff's action alleging constitutional claims arising from defendant's failure to award contracts to plaintiff's company); *Miller v. Time-Warner Communications, Inc.*, 1999 WL 739528, at **2-3 (S.D.N.Y. Sept. 22, 1999) (plaintiff obliged to give truthful testimony at deposition); *see also* Baicker-McKee Janssen Corr, FEDERAL CIVIL RULES HANDBOOK (2016 Thomson Reuters) at 882 ("If a witness refuses to answer a question, the examining party may suspend the proceedings to seek an order under [Federal Rule of Civil Practice] Rule 37(a) compelling an answer.").

In this case, Plaintiff does not object to his deposition or specific questions to which Defendants sought Plaintiff's answers on the grounds of lack of relevancy or a privilege.  Rather, Plaintiff relies on a putative agreement as to the location of the deposition in which, according to Plaintiff, Defendants' counsel allegedly conceded that Plaintiff's claims had merit.  *See* Exhibit A to Zimmermann Declaration at 13-14.  However, a party's belief in the merit of his or her claim does not excuse a party's refusal to give truthful testimony in response to questions at the party's deposition, and a failure to do so will incur sanctions.  *See Jones*, 836 F.2d at 734-35; *Miller*, 1999 WL 739528, at **2-3.  Plaintiff has not moved for a protective order pursuant to Fed.R.Civ.P. 26(c) and has provided no other valid reason to justify his refusal to answer all questions Defendants wished to ask at the deposition.  Under these circumstances,

Defendants' motion to compel and award the reimbursement sanction requested by Defendants should be GRANTED.

Turning to Defendants' motion to amend the Scheduling Order, the court finds that the delay in completing discovery by the cut-off date of November 6, 2015 established by the Scheduling Order arises from the need for Defendants' motion establishes good cause for such amendment.  *See Grochowski v. Phoenix Constr. Co.*, 318 F.3d 80, 86 (2d Cir. 2003) (good cause under Rule 16(b) "depends on the diligence of the moving party").  Additionally, the court notes that Plaintiff previously filed motions relating to his attempt to conduct oral depositions while incarcerated, to amend the Complaint, and for *in camera* inspection of Plaintiff's parole file which are addressed in Decision and Orders filed contemporaneously with this Decision and Order.  Here, given Plaintiff's prior incarceration, and Plaintiff's failure to cooperate in completing his deposition, the court cannot say Defendants failed to exercise reasonable diligence in conducting their defense of this action.  Plaintiff's assertion that Defendants' motion to amend will prejudice Plaintiff by delaying his desired return to Nebraska rings hollow given Plaintiff's unwarranted refusal to participate in his deposition.  Further, Plaintiff's stated desire to pursue "happyness" in Nebraska, however desirable, upon a prompt resolution of his case does not demonstrate that Plaintiff's ability to prosecute this action will be materially prejudiced by Defendants' request to amend the Scheduling Order.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 48) is GRANTED.  An Amended Scheduling Order will be issued forthwith.  Plaintiff's deposition, at which Plaintiff shall appear and cooperate fully by answering Defendants' questions, shall be

scheduled and conducted <u>within</u> <u>45</u> <u>days</u> of this Decision and Order.  <u>Plaintiff is reminded that any failure to comply with this Order may result in further sanctions pursuant to Fed.R.Civ.P. 37 including dismissal of the Complaint</u>.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  January 21, 2016
          Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT NOT LATER THAN 14 DAYS AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).